**FILED**

JAN - 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL H. ROSS,
9103 Tarquin Ave, Plaintiff,
Camp Springs, MD 20748
202.393.9665
v.

TRIAD FINANCIAL CORPORATION
    Defendant,

OURISMAN CHEVROLET CO., INC.
    Defendant.

CASE NUMBER 1:06CV00003

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Civil Rights (non-employme

DATE STAMP: 01/04/2006

**JURY ACTION**

## COMPLAINT

Jurisdiction is invoked pursuant to the nature and contents of the allegations and assertions set forth in the Complaint's subject matter and subject matter over the parties to the cause of action.

**RECEIVED**

DEC 13 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Plaintiff, complaining of Defendants, bring this action and alleges and asserts:

## PARTIES

1. Plaintiff Daniel H. Ross is a US citizen and consumer of Defendants.

2. Defendant Triad Financial Corporation ("TFC") is a corporation who makes automobile loans throughout the United States through dealers such as Ourisman Chevolet dealer, who refer customers to TFC and serve as loan arrangers. On information and belief, Defendant's headquarters is located in Huntington Beach, California 92605.

3. Defendant Ourisman Chevolet Company ("OCC") is a Maryland corporation engaged in the sell of automobiles, who referred Plaintiff to TFC and served as loan arranger On information and belief, Ourisman Chevrolet's headquarters is located in Maryland, where one of its dealerships is located at 4400 Branch Avenue, Marlow Heights, Maryland 20748.

## FACTUAL BACKGROUND

4. On or about July 20, 2001, Plaintiff purchased a used 2000 Dodge truck from Defendant OCC and financed it through a retail installment contract that was assigned by the seller to Defendant TFC. Under the contract, Plaintiff agreed to make 71 monthly payments of $649.88. The contract provided that THERE IS NO COOLING OFF PERIOD. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. Defendant OCC agreed to pay off the balance owed on Plaintiff's 1997 Infiniti I30. Defendant OCC required and Plaintiff made a down payment of $3000.00. Defendant provided Plaintiff with the keys to the 2000 Dodge truck advising Plaintiff to drive the truck home. Plaintiff would be notified by Defendant OCC to return to the dealership to pick up the truck tags once these were in from the DMV. Prior to the consummation of the transaction to sell the truck, Defendant OCC explained the credit terms to Plaintiff, but did not

disclose the terms to Plaintiff in writing in a form he could take with him. Prior to the consummation of the transaction to sell the truck, Defendant OCC paid off the balance owed on Plaintiff's 1997 Infiniti I30, but did not disclose that Defendant would sell Plaintiff's 1997 Infiniti to some other buyer at Plaintiff's expense, but that Plaintiff would twice be obligated to pay off, without ever owning the 1997 Infiniti. Following approximately seven to ten days, Defendant notified Plaintiff to return to the dealership to pick up his truck tags at which time Plaintiff then entered into Retail Installment Sales Contracts ("RISCs") with Defendant OCC to purchase the truck. After both parties signed the RISCs, Plaintiff was given copies of the RISCs, which included the terms of credit in writing. The Plaintiff's account and loan was designated by the Defendant TFC as Lender Account No. 400-001-3344439-000, who, in agreement with Defendant OCC, did approved, and process, the loan.

**FIRST CAUSE OF ACTION**

5. On information and belief, the following acts of Defendants constitute a conspiracy in, or affecting commerce within the meaning of, and in contravention of the Truth in Lending Act (TILA or Act), 15 USC Section 1601 et seq.; also the Equal Credit Opportunity Act (ECOA), 15 USC Section 1691 as well as 42 USC 1981 and 1986, the Racketeer Influenced and Corrupt Organizations Act (RICO), and local laws prohibiting unfair and deceptive lender practices, fraud, and breach of contract:

(a) Notwithstanding that under the Constitution and laws of both the United States and the State of Maryland, the Defendants were empowered and duly authorized to prevent or aid in preventing the denial of equal protection of the laws and Constitution of the United States to Plaintiff because of race or class and that neither Defendant can claim that the sale or collateral value of the "used" 2000 Dodge Truck sale price was $49,791.36.

(b) Discriminatory pricing of loans that Defendant TFC approved and funded. The

Defendant is the lender that financed the purchase of the "used" 2000 Dodge truck. The amount financed was $49,791.36 plus interest, payable in seventy-one (71) monthly installments beginning on August 20, 2001, with all payments to be made by the Plaintiff to the Defendant TFC.

(c)    Predatory lending scheme targeted specifically at this African American Plaintiff designed to facilitate default or repossess rather than repayment of the loans or because Defendants believe Plaintiff to be unsophisticated or financially desperate and therefore more susceptible to their fraudulent lending practices. In that, most (74.2%) African American residents of the Washington, D. C. Metropolitan Statistical Area (MSA) reside in the District of Columbia or Prince George's County, Maryland. The District is 65.3% African American and Prince George's County is 50.2% African American. Both are highly segregated, with 90.3% of African Americans in the District and 76.7% in Prince George's County residing in majority African American census tracts. On information and belief, Defendants have intentionally directed their marketing and loan solicitation efforts almost exclusively toward borrowers and in African American neighborhoods in these two jurisdictions making few, if any, loans outside of those areas, even though they are licensed to do so.

(d)    It is irrelevant that Defendant OCC has sold Plaintiff's 1997 Infiniti. The very fact Plaintiff have paid both Defendants; Defendants refusal and failure either to return Plaintiff's 1997 Infinitive or refund the amount actually received from said sale or credit the Plaintiff's account with interests accruing from July 20, 2001 toward the balanced owed on the 2000 Dodge truck violate the Plaintiff's rights under the Constitution and laws of the United States and the State of Maryland. On information and belief, Defendants specializing in making loans to borrowers with blemished credit histories or other credit impairments target or otherwise concentrate their lending in majority African American census tracts (through fraud or misrepresentation) wherein their predatory lending scheme works by violating TILA and Regulation Z, as well as ECOA and other civil rights laws by failing to

make the required disclosures to their consumers, such as the Plaintiff, in writing, in a form that he could keep, before consummation of the transaction.

WHEREFORE, the Plaintiff prays as follows:

1. For an entry of an order that this cause of action be decided by a jury.

2. For damages for Plaintiff twice the amount of any finance charge in connection with the transaction as follows:

   (a) 25 per centum of the total amount of monthly payments under the alleged contract.

   (b) $13,904.93 refund of the premium accruing beginning July 20, 2001 until this suit is settled which had not been credited to the Plaintiff's account as of the filing of this action.

   (c) That treble damages be awarded to Plaintiff in accordance with TILA statutes.

   (d) Punitive damages for Plaintiff's mental anguish, humiliation and suffering.

   (e) For such other and further relief as Plaintiff may show he is entitled.

   (f) For attorney's fees to the extent permitted by law.

   (g) That the cost of this action be taxed by the Court imposed upon the Defendants.

   (h) A trial by jury is demanded.

   (i) This the 12 day of December, 2005.

Daniel H. Ross, Ph.D. JD
International Bar No. 1002222
7103 Tarquin Avenue
Camp Springs, MD 20748
(202) 343-9665

## VERIFICATION

DANIEL H. ROSS, being first duly sworn, depose and say that he has read the foregoing complaint and that it is true of his own knowledge, except as to those matters and things alleged on information and belief, and as to those he believes to be true.

*[signature]*
Affiant

Subscribed and sworn before me
This 29 day of ~~December~~ November, 2005

*[signature]*
Notary Public

My Commission expires: 4/23/2007

City/County of Clinton Prince Georges
State of Maryland
Sworn to and subscribed before me this 29 day of November, 2005
Witness my hand and official seal.

*[signature]* Notary Public