IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL H. ROSS,
        Plaintiff,

v.                                            **Civil Action 060003-CKK**

TRIAD FINANCIAL CORPORATION,
        Defendant;

OURISMAN CHEVROLET CO. INC.,
        Defendant.

**FIRST AMENDED COMPLAINT**

1. 15 USC Section 1601 et seq. is satisfied in haec verba, for deprivation of "right" is alleged. This Court has jurisdiction under 28 USC 1331,1343(A)(3), 2201, and 2202 inter alia. Accordingly, Plaintiff, before any Defendant has served upon him any responsive pleading, amends his complaint as a matter of right under Rule 15, as follows:

1. On or about July 20, 2001, the Borrower (hereinafter referred to as Plaintiff) was in a position of inequality, dependence and lack of knowledge when he purchased the used 2000 Dodge truck from Defendant OCC financed through Defendant TFC.

2. On or about July 20, 2001, the Plaintiff had faith, trust and confidence in the Defendants' compliance with TILA and local laws prohibiting unfair and deceptive lender practices, fraud and breach of contract.

3. On or about July 20, 2001, Defendant OCC exercised dominion, control and influence over the borrower's affairs.

4. On or about July 20, 2001, the RISC was fraudulently induced and there was an absence of mutual consent that the Plaintiff would pay off the 1997 Infinitive automobile without ever owning said automobile and without a refund or credit to his account of the amount actually paid off, or received from the sale, his having made a down payment of $3,000.00 cash on the 2000 Dodge truck.

5. Plaintiff alleges with specificity that a fiduciary relationship existed and that the fiduciary failed to act in good faith and with due regard to the borrower.

6. Plaintiff alleges with specificity that Defendant TFC's loan arranger, Defendant OCC, induced the Plaintiff to title to Defendant OCC, Plaintiff's owned automobile, namely, the 1997 Infiniti by withholding its decision not to disclose that borrower would be required to pay both Defendants for the automobile Plaintiff would not own, was material information in Plaintiff's decision to title over his automobile prior to consummation of the transaction.

7. Plaintiff alleges with specificity that by withholding this [material] information, Defendant OCC wrongfully gained Plaintiff's 1997 automobile which was, or is equivalent to, unjust enrichment, and that Defendant TFC, knowingly and wrongfully required payment for Plaintiff's automobile neither Defendant never had any intention of Plaintiff being justly compensated for, or, ever owning, even after both Defendants had been paid in full.

8. Finally, Plaintiff alleges with specificity that he reasonably relied on the misrepresentation based on his belief that Defendants would in good faith comply with the Truth in Lending Act, and as a result, was damaged in the amount of $13,904.93 plus 25 per centum of the total amount of monthly payments under the RISC, accruing

beginning July 20, 2001 until this suit is settled which has not been credited to Plaintiff's account as of the filing of this cause of action.

9. Based on these assertions, Plaintiff states a claim for fraudulent concealment or non-disclosure with the particularity required by Rule 9(b) of the Federal Rule of Civil Procedure. Defendant TFC had a duty to disclose material information to the Plaintiff and Defendant's concealment of its decision not to disclose that, Defendant TFC aided and abetted in the transaction which constituted a conspiracy in violation of Plaintiff's civil rights under 42 USC 1986 et seq.

10. Plaintiff alleges with specificity that Defendant OCC knew that it would sell Plaintiff's 1997 Infinitive automobile to some other buyer at Plaintiff's expense without disclosing and without compensating Plaintiff for his owned automobile and was reasonably calculated to deceive and was made with the intent to deceive Plaintiff by failing to make the required disclosures to Plaintiff, in writing, in a form that he could keep, before consummation of the transaction.

11. Plaintiff also alleges that he detrimentally relied on this concealment and was damaged by breach of fiduciary duty and/or constructive fraud. Plaintiff claims a cause of action for constructive fraud existed due to a relationship of trust and confidence. That the Defendants took advantage of that position of trust in order to [benefit themselves] and that Plaintiff was, as a result, injured.

12. Plaintiff requests for a declaratory judgment with respect to the validity of the RISC brought pursuant to the Federal Declaratory Judgment Act, 28 USC 2201- 2202 because the parties cannot be returned to the position they occupied prior to entering the RISC. Plaintiff claims whether or not a breach of TILA occurred and, if so, whether it

was material, would require a consideration of facts and evidence beyond the pleadings themselves and is a question of fact for the jury or for trial court without a jury.

WHEREFORE, Plaintiff asks the Court:

1. For a jury trial against each defendant.

2. To award him damages against each defendant.

3. To award attorney fees against each defendant.

4. To grant such other relief as is just and proper.

Respectfully Submitted,

DANIEL H. ROSS, Ph.D. JD
International Bar #1002222
7103 Tarquin Avenue
Camp Springs, MD 20748

4