IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL H. ROSS | * |
| | * |
|   Plaintiff | * |
| | * CIVIL ACTION NO. 06-cv-0003 (CKK) |
| v. | * |
| | * |
| TRIAD FINANCIAL CORPORATION, et al. | * |
| | * |
| | * |
|   Defendants | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT OURISMAN CHEVROLET CO., INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant, Ourisman Chevrolet Co., Inc. (hereinafter "Ourisman Chevrolet") through its undersigned counsel, moves to dismiss Plaintiff's Complaint and Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, or in the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment, and states the following in support thereof:

1.    Plaintiff has not stated a claim upon which relief can be granted because the claims asserted are barred by the applicable statute of limitations.

2.    This Court lacks personal jurisdiction over Defendant Ourisman Chevrolet Co., Inc.

3. Plaintiff's Complaint equally fails to present a genuine dispute as to any material facts, entitling Ourisman Chevrolet Co., Inc. to judgment as a matter of law.

4. The grounds for this motion are more fully set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

WHEREFORE, Defendant Ourisman Chevrolet Co., Inc. respectfully requests that this Court dismiss this action with prejudice, or in the alternative, enter summary judgment on its behalf.

Respectfully submitted,

_____/s/_____
Carolyn C. Williamson, Bar No. 466636
CeCe Williamson, LLC
401 Washington Avenue
Suite 204
Towson, Maryland 21204
Telephone: (410) 769-8555
Facsimile: (410) 583-1053

Attorneys for Defendant
Ourisman Chevrolet, Co., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of February 2006, a true copy of the foregoing Defendant Ourisman Chevrolet Co., Inc.'s Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, was mailed, first-class, postage prepaid, to:

>Daniel H. Ross
>7103 Tarquin Avenue
>Camp Springs, Maryland 20748
>Plaintiff *pro se*

>_____/s/_____
>Carolyn C. Williamson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL H. ROSS | * |
| | * |
|    Plaintiff | * |
| | *   CIVIL ACTION NO. 06-cv-0003 (CKK) |
| v. | * |
| | * |
| TRIAD FINANCIAL CORPORATION, et al. | * |
| | * |
| | * |
|    Defendants | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANUDM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT OURISMAN CHEVROLET CO., INC.'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGUMENT**

Defendant, Ourisman Chevrolet Co., Inc. (hereinafter "Ourisman Chevrolet") through its undersigned counsel, respectfully submits this memorandum in support of its Motion to Dismiss, or in the Alternative, for Summary Judgment, and states the following in support thereof.

**I.   INTRODUCTORY STATEMENT**

Plaintiff's *pro se* Complaint and Amended Complaint both contain similar vague and conclusory factual allegations about Plaintiff's purchase of a vehicle that occurred over four years ago. This action must be dismissed with prejudice because on the face of both the Complaint and the Amended Complaint, Plaintiff's claims are time barred. Further, this Court does not have personal

jurisdiction over Ourisman Chevrolet. Finally, venue is not proper in this Court because the transaction occurred in Maryland, Ourisman Chevrolet is a Maryland corporation with its principal place of business located in Maryland, and the subject matter of this action contains no business transaction in the District of Columbia.[1]

## II.     STATEMENT OF UNDISPUTED MATERIAL FACTS

In July 2001, Plaintiff purchased a used 2000 Dodge Durango from Ourisman Chevrolet. As part of that deal, Plaintiff traded in his 1997 I30 Infinity. When he traded the Infinity, Plaintiff owed a balance of $13,904.93 to Household Automotive. Plaintiff negotiated with Ourisman Chevrolet to accept his Infinity for a value of $13,904.93 and to pay off the balance owed to Household Automotive. The deal Plaintiff negotiated for his trade-in resulted in a wash as far as any dollar value applied to offset the purchase of the Dodge Durango.

Plaintiff's claims appear to be a result of a misunderstanding of what happened in the transaction. He mistakenly believes that Ourisman Chevrolet took possession of his trade-in without giving him any credit towards the purchase of the Dodge Durango. What really happened is Plaintiff owed $13,904.93 on his loan to Household Automotive. There is no dispute that he

---

[1] Plaintiff is also a Maryland Resident. *See Plaintiff's Complaint and Amended Complaint.*

2

could not trade the Infinity or transfer title of this vehicle to Ourisman Chevrolet without paying off the balance. Accordingly, Plaintiff had two choices: (1) he could have paid off the balance himself and negotiated a trade-in value for his Infinity which would have been credited towards the purchase of the Dodge Durango; or (2) he could negotiate with Ourisman Chevrolet to accept his Infinity as a trade-in at an agreed upon value and Ourisman Chevrolet would pay off the outstanding loan balance to Household Automotive. The latter is exactly what happened. The value of the trade-in agreed upon by the parties was $13,904.93, which was the amount of the loan that Ourisman Chevrolet paid off. Plaintiff was given credit for the value of his trade-in but the balance due on his loan with Household Automotive made this credit a wash.

All of the financial terms of Plaintiff's transaction with Ourisman Chevrolet, including the terms of the trade-in, were fully disclosed, in writing at the time of the transaction. There is no dispute that Plaintiff signed and acknowledged receipt of the financial disclosures on July 20, 2001. *Please see 7/20/01 Buyer's Order attached hereto as Exhibit A; 7/20/01 Pay Off Information Sheet attached hereto as Exhibit B; 7/20/01 Simple Interest Motor Vehicle Contract and Security Agreement attached hereto as Exhibit C; 7/24/01 Ourisman Chevrolet 7/24/01*

3

*Payoff Check to Household Automotive attached hereto as Exhibit D; and Affidavit of Terry Byrd attached hereto as Exhibit E*[2].

In sum, there is no basis to Plaintiff's claim that Ourisman Chevrolet did anything wrong in connection with Plaintiff's purchase of the 2000 Dodge Durango and the trade-in of his Infinity. Plaintiff is simply confused about the transaction, including the credit for his trade-in and Ourisman Chevrolet's payoff of his outstanding loan balance. Moreover, the claims are barred by the statute of limitations and must be dismissed.

### III.    ARGUMENT

#### A.    Plaintiff's Claims are Barred by Applicable Statute of Limitations

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)[3], a court must consider as true, *all of the properly pleaded allegations* contained in the complaint. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 23 L.Ed.2d 404, 89 S.Ct. 1843 (1969)(*emphasis added*). The court should not dismiss the claim "unless it appears beyond doubt that the plaintiff can prove no set facts in support of his claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2

---

[2] The Affiant, Terry Byrd, was not available to execute the affidavit on 2/27/06 so the Exhibits will be filed separately.

[3] If this Court considers matters outside the pleadings – i.e. the Exhibits attached hereto - Defendant Ourisman Chevrolet Co., Inc. respectfully requests that the Court convert this motion to a Rule 56 motion.

L.Ed.2d 80, 78 S.Ct. 99 (1957). "Complaints must also be dismissed *sua sponte* if need be, under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.'" *Best v. Kelly*, 309 U.S. App. D.C. 51, 39 F.3d 328, 331 (D.C. Cir. 1994) *quoting*, *Baker v. Director, United States Parole Commissioner*, 286 U.S. App. D.C. 310, 916 F.2d 725, 726 (D.C. Cir. 1990).

In the case of *pro se* pleadings, the court must read them more liberally than pleadings filed by attorneys and try to discern a cause of action even if the complaint is not artfully plead. *Williams v. Holiday Inn*, 295 F. Supp. 2d 27, 29 (D.C. Cir. 2003) *citing*, *Haines v. Kerner*, 404 U.S. 519, 520, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972).

Even if the complaint is liberally construed and Plaintiff is granted the benefit of all inferences that can be derived from the facts alleged, the *pro se* Plaintiff in this action cannot possibly win relief against Ourisman Chevrolet. *Barr v. Clinton*, 361 U.S. App. D.C. 472, 370 F.2d 1196, 1199 (D.C. Cir. 2004). *See also*, *Brandon v. District of Columbia Bd. Of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984) ("Pro se complaint, like any other, must present a claim upon which relief can be granted by the court.)

First of all, the transaction that forms the basis of this action occurred in July 2001. At that time, Plaintiff entered into a transaction with Ourisman Chevrolet to purchase a used 2000 Dodge Durango. *See Plaintiff's Amended*

*Complaint at ¶¶ 1, 2, 3 and Complaint at ¶ 4; see also Exhibits A, B, C, D & E attached hereto*. Although not exactly clear in the Complaint and Amended Complaint, this action appears to be based on Plaintiff's mistaken belief about how his trade-in was credited towards the purchase price of the 2000 Dodge Durango. *See Plaintiff's Amended Complaint at ¶¶ 1, 4, 6 and Complaint at ¶ 4*. However, Plaintiff acknowledges receipt of the finance contract which includes the "terms of credit in writing" and acknowledges that the credit terms were explained to him "prior to consummation of the transaction." *See Plaintiff's Complaint at ¶ 4; see also Exhibits A,B,C, D & E attached hereto*. There are no allegations that Plaintiff did not receive written disclosure of the financing terms. Similarly, Plaintiff's signature on the disclosure documents gives rise to a rebuttable presumption that they were in fact delivered to him. *Williams v. First Gov't Mortgage and Investors Corp.*, 974 F. Supp. 17, 21 (D.D.C. 1997). Accordingly, the latest date upon which Plaintiff was put on notice of any problems with terms of the credit was July 20, 2001, close to four and one-half years ago.

      This Court explicitly held that a defendant may raise statute of limitations as an affirmative defense via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint. *Smith-Haynie v. District of Columbia*, 332 U.S. App. D.C. 152, 155 F.3d 575, 578 (D.C. Cir. 1998). *See also*, *Firestone v. Firestone*, 316 U.S. App. D.C. 152, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

6

Plaintiff's Amended Complaint against Ourisman Chevrolet appears to assert the following claims, with the corresponding statute of limitations: (1) violations of TILA (15 U.S.C. §1640(e) TILA violations based on failure to make material disclosures is subject to one-year statute of limitations); (2) unfair and deceptive trade practices of a statute not identified (D.C. Consumer Protection Procedures Act and Maryland Consumer Protection Act have three-year statute of limitations. D.C. Code §12-301(8) & Md. Code Ann. Cts. & Jud. Proc. § 5-101); (3) fraud (D.C. Code §12-301(8) general three-year statute of limitations applies to fraud claim); (4) breach of contract (D.C. Code §12-301(8) general three-year statute of limitations applies to breach of contract claim) ; (5) unjust enrichment (D.C. Code §12-301(8) general three-year statute of limitations applies to unjust enrichment claim); and (6) violation of 42 U.S.C. § 1986 (42 U.S.C. § 1986 claim is subject to one-year statute of limitations).

The statute of limitations for Plaintiff's claims began to run on July 20, 2001 and ended on July 20, 2002 for the 42 U.S.C. § 1986 and TILA claims. For the other claims, the statute of limitations ran on July 20, 2004. In July 2001, Plaintiff was given full disclosure of the financial terms of the transaction and was fully aware of the basis for the claims he is now misguidedly trying to assert. *See Connors v. Hallmark & Son Coal Co.*, 290 U.S. App. D.C. 170, 935 F. 2d. 336, 343 (D.C. Cir. 1991) (the statute of limitations period begins to run when a plaintiff

7

"in exercise of due diligence," would become aware of defendant's actions). It is abundantly clear from the Complaint and the Amended Complaint that Plaintiff's claims are time-barred and must be dismissed.[4]

### B. This Court Lacks Personal Jurisdiction over Ourisman Chevrolet Co. Inc.

Plaintiff has failed to plead adequate grounds upon which personal jurisdiction can be based for Ourisman Chevrolet. Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, Plaintiff carries the burden of establishing personal jurisdiction over each defendant. *See, Murphy v. Price Waterhouse Coopers, LLP*, 357 F. Supp. 2d 230, 242 (D.C. Cir. 2004). Plaintiff's Amended Complaint contains no factual allegations that Ourisman Chevrolet is a business based in the District of Columbia or incorporated there.[5] Additionally, Plaintiff has failed to assert any facts at all to invoke long-arm jurisdiction under D.C. Code § 13-423. *See Schwartz v. CDI Japan, Ltd.*, 938 F. Supp. 1, 4 (D.D.C. 1996) (District of Columbia's long-arm statute requires plaintiff to establish a prima facie showing of personal jurisdiction over each defendant before a federal court

---

[4] Plaintiff's broad and conclusory allegations of fraudulent concealment do not provide a basis to toll the statute of limitations because the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure is not satisfied. *See Plaintiff's Amended Complaint at ¶ 9*.

[5] In fact, Plaintiff's original complaint accurately asserts that Ourisman Chevrolet is a Maryland corporation with its headquarters in Marlow Heights, Maryland. *See Plaintiff's Complaint at ¶ 3*.

may exercise personal jurisdiction. Plaintiff must allege specific facts connecting each defendant with the forum and cannot rest on bare allegations or conclusory statements). Plaintiff has failed to assert sufficient facts to subject Ourisman Chevrolet to jurisdiction in this Court. As such, the Amended Complaint must be dismissed pursuant to Rule 12(b)(2).

      **D.**    **Although Venue is not Proper in this Court, this Action Should Not be Transferred to the Proper Venue Because the Claims are Not Viable in any Federal Court**

Even though this action could be transferred to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1406(a), the Court has the discretion to dismiss the action with prejudice if dismissal is in the interest of justice. *See Hayes v. RCA Service Co.*, 546 F. Supp. 661, 665 (D.D.C. 1982). As set forth above, the claims asserted in this action could not be properly heard in any federal court because they are barred by the statute of limitations. Accordingly, the interests of justice require that this action be dismissed and not transferred to another federal court. *Naartex Consulting Corp. v. Clark*, 232 U.S. App. D.C. 293, 722 F.2d 779 (C.A.D.C. Cir. 1983) *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed. 2d 355 (1984).

**IV.   CONCLUSION**

Rule 12(b)(6) authorizes dismissal of the instant action because even liberally read, Plaintiff's claims are barred by the applicable statute of limitations. Moreover, this Court lacks personal jurisdiction over Ourisman Chevrolet requiring dismissal pursuant to Rule 12(b)(2). In the alternative, Defendant Ourisman Chevrolet Co., Inc. is entitled to summary judgment because there is no dispute of material fact that in July 2001, Plaintiff had sufficient notice of all facts necessary to make the claims he is now asserting in this action, almost four and one-half years later. As such, the claims asserted against Ourisman Chevrolet must be dismissed with prejudice, or alternatively, summary judgment must be entered in its favor.

Respectfully submitted,

_____/s/_____
Carolyn C. Williamson, Bar No. 466636
CeCe Williamson, LLC
401 Washington Avenue
Suite 204
Towson, Maryland  21204
Telephone: (410) 769-8555
Facsimile: (410) 583-1053

Attorneys for Defendant
Ourisman Chevrolet, Co., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of February 2006, a true copy of the foregoing Memorandum of Points and Authorities in Support of Defendant Ourisman Chevrolet Co., Inc.'s Motion to Dismiss with Table of Cases and Other Authorities in support thereof, were mailed, first-class, postage prepaid, to:

>Daniel H. Ross
>7103 Tarquin Avenue
>Camp Springs, Maryland 20748
>Plaintiff *pro se*

>_____/s/_____
>Carolyn C. Williamson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL H. ROSS | * |
| | * |
|    Plaintiff | * |
| | *  CIVIL ACTION NO. 06-cv-0003 (CKK) |
| v. | * |
| | * |
| TRIAD FINANCIAL CORPORATION, et al. | * |
| | * |
| | * |
|    Defendants | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### TABLE OF CASES AND OTHER AUTHORITIES CITED IN SUPPORT OF DEFENDANT OURISMAN CHEVROLET CO., INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

*Baker v. Director, United States Parole Commissioner*, 286 U.S. App. D.C. 310, 916 F.2d 725, 726 (D.C. Cir. 1990)

*Barr v. Clinton*, 361 U.S. App. D.C. 472, 370 F.2d 1196, 1199 (D.C. Cir. 2004)

*Best v. Kelly*, 309 U.S. App. D.C. 51, 39 F.3d 328, 331 (D.C. Cir. 1994)

*Brandon v. District of Columbia Bd. Of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984)

*Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957)

*Connors v. Hallmark & Son Coal Co.*, 290 U.S. App. D.C. 170, 935 F. 2d. 336, 343 (D.C. Cir. 1991)

*Firestone v. Firestone*, 316 U.S. App. D.C. 152, 76 F.3d 1205, 1209 (D.C. Cir. 1996)

*Haines v. Kerner*, 404 U.S. 519, 520, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972)

*Hayes v. RCA Service Co.*, 546 F. Supp. 661, 665 (D.D.C. 1982)

*Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 23 L.Ed.2d 404, 89 S.Ct. 1843 (1969)

*Murphy v. Price Waterhouse Coopers, LLP*, 357 F. Supp. 2d 230, 242 (D.C. Cir. 2004)

*Naartex Consulting Corp. v. Clark*, 232 U.S. App. D.C. 293, 722 F.2d 779 (C.A.D.C. Cir. 1983) *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed. 2d 355 (1984)

*Schwartz v. CDI Japan, Ltd.*, 938 F. Supp. 1, 4 (D.D.C. 1996)

*Smith-Haynie v. District of Columbia*, 332 U.S. App. D.C. 152, 155 F.3d 575, 578 (D.C. Cir. 1998)

*Williams v. First Gov't Mortgage and Investors Corp.*, 974 F. Supp. 17, 21 (D.D.C. 1997)

*Williams v. Holiday Inn*, 295 F. Supp. 2d 27, 29 (D.C. Cir. 2003)

**STATUTORY AUTHORITY**

Truth in Lending Act 15 U.S.C. §1640(e)

D.C. Code §12-301(8)

D.C. Code § 13-423.

42 U.S.C. § 1986

28 U.S.C. § 1406(a)

Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 12(b)(2) & 12(b)(6)

Fed. R. Civ. P. 59