IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DANIEL H. ROSS | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: 06-cv-0003 (CKK) |
| TRIAD FINANCIAL CORPORATION, et al. | * | |
| | * | |
| Defendants | * | |
| | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

### <u>MEMORANDUM OF POINTS AND AUTHORITIES<br>IN SUPPORT OF MOTION TO DISMISS OF<br>DEFENDANT TRIAD FINANCIAL CORPORATION</u>

Defendant Triad Financial Corporation ("Triad"), by FERGUSON, SCHETELICH & BALLEW, P.A. and Michael K. Hourigan, its attorneys, offers this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint and First Amended Complaint of Plaintiff Daniel H. Ross.

### STATEMENT OF THE CASE

On January 4, 2006, Plaintiff filed a Complaint against Triad and Defendant Ourisman Chevrolet Co., Inc. ("Ourisman"). On January 17, 2006, Plaintiff filed a First Amended Complaint against Triad and Ourisman. Although the specific nature of Plaintiff's allegations are not clear from the Complaint and First Amended Complaint, it is apparent that Plaintiff's allegations involve the purchase and financing of a 2000 Dodge truck from Ourisman under a retail installment contract on or about July 20, 2001.

The retail installment contract was assigned by Ourisman to Triad. In connection with the purchase of the 2000 Dodge truck, Plaintiff traded in a 1997 Infiniti 130.

Plaintiff alleges that, in connection with the purchase of the 2000 Dodge truck and the trade in of the 1997 Infiniti 130, one or both Defendants committed certain unspecified violations of numerous federal statutes, including the Truth in Lending Act, the Equal Credit Opportunity Act, and the Racketeer Influenced and Corrupt Organization Act. Plaintiff also alleges that one or both Defendants committed certain unspecified violations of local laws prohibiting unfair and deceptive lender practices, fraud, and breach of contract. In connection with his claim, Plaintiff demands a trial by jury, damages, and attorneys' fees.

## ARGUMENT

### I. Plaintiff's Complaint and First Amended Complaint Fail to State a Claim Upon Which Relief can be Granted

### A. Standard for Review of Rule 12(b)(6) Motion

For the purpose of deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must take all material allegations of the complaint as admitted. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S.Ct. 1843 (1969). The complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). "Complaint may also be dismissed, *sua sponte* if need be, under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.'" *Best v. Kelly*,

39 F.3d 328, 331 (D.C. Cir. 1994) (*quoting Baker v. Directors, United States Parole Commissioner*, 916 F.2d 725, 726 (D.C. Cir. 1990).

*Pro se* complaints are read more liberally than pleadings filed by attorneys and, even if the complaint is not artfully plead, the court should try to discern a cause of action. *Williams v. Holiday Inn*, 295 F.Supp.2d 27, 29 (D.C. Cir. 2003) (*citing Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 294 (1972)). However, a "*pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984) (*quoting Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

A defendant may raise affirmative defenses like statutes of limitation via a motion to dismiss under Rule 12(b)(6). *Smith-Haynie v. District of Columbia*, 332 U.S. App. D.C. 152, 155 F.3d 575, 578 (D.C. Cir. 1998) ("We now explicitly hold that an affirmative defense may be raised by pre-answer motion under Rule 12(b) when the facts that give rise to the defense are clear from the face of the complaint.").

### B. Plaintiff's Claims are Barred by the Statute of Limitations

Although it is difficult to ascertain the basis of or grounds for Plaintiff's claims against Triad and Ourisman from the Complaint and First Amended Complaint, it is apparent that all the alleged actions of Triad and Ourisman that constitute the basis of Plaintiff's claim occurred on or in the immediate aftermath of July 20, 2001. Assuming for purposes of this Motion that the discovery rule applies to Plaintiff's claim, Plaintiff's claim began to run for statute of limitations purposes when he knew or, by exercise of reasonable diligence, should have known (1) of the injury, (2) its cause in fact, and (3) of

some evidence of wrongdoing. *Gassman v. Eli Lilly and Co.*, 407 F.Supp.2d 203, 209 (D.C.C. 2005). Plaintiff knew, or, by the exercise of reasonable diligence, should have known of all of the alleged actions taken by each Defendant that form the basis for Plaintiff's claim on July 20, 2001 or in its immediate aftermath. Moreover, any alleged injury suffered by Plaintiff as a result of Defendant's alleged actions was apparent at that time. Accordingly, the statute of limitations began to run on July 20, 2001 or in its immediate aftermath.

As detailed in Ourisman's Mot[1]ion, the causes of action either explicitly mentioned or indirectly referenced in Plaintiff's Complaint and First Amended Complaint are subject to either a one-year or three-year statute of limitation. (See Ourisman's Motion to Dismiss or in the Alternative Motion for Summary Judgment, p.7). In either case, Plaintiff's Complaint and First Amended Complaint, both of which were filed in January 2006, four and one-half years after the cause of action accrued, are barred by the statute of limitations. Accordingly, Plaintiff's Complaint and First Amended Complaint fail to state a claim upon which relief can be granted, and should be dismissed with prejudice.

---

[1] Specifically, Ourisman's Motion states, in pertinent part, as follows: "Plaintiff's Amended Complaint . . . appears to assert the following claims, with the corresponding statute of limitations: (1) violations of TILA (15 U.S.C. § 1640(e) TILA violations based on failure to make material disclosures is subject to one-year statute of limitations); (2) unfair and deceptive trade practices of a statute not identified (D.C. Consumer Protection Procedures Act and Maryland Consumer Protection Act have three-year statute of limitations. D.C. Code § 12-301(8) & Md. Code. Ann. Cts. & Jud. Proc. § 5-101); (3) fraud (D.C. Code § 12-301(8) general three-year statute of limitations applies to fraud claim); (4) breach of contract (D.C. Code § 12-301(8) general three-year statute of limitations applies to breach of contract claim); (5) unjust enrichment (D.C. Code § 12-301(8) general three-year statute of limitations applies to unjust enrichment claim; and (6) violation of 42 U.S.C. § 1986 (42 U.S.C. § 1986 claim is subject to one-year statute of limitations).

## II. Venue is not Proper in this Court

Plaintiff has not alleged any facts that establish that venue is proper in the District of Columbia. To the contrary, it is apparent that the proper venue for this case is the State of Maryland.

According to the Complaint, Plaintiff purchased a used 2000 Dodge Truck from Ourisman on or about July 20, 2001 (Complaint, Paragraph 4). It is this sales transaction that forms the basis for Plaintiff's claim. Plaintiff alleges that Ourisman is a Maryland corporation, with its headquarters located in the State of Maryland, with one of its dealerships located at 4400 Branch Avenue in Marlow Heights, Maryland. Plaintiff does not allege that the vehicle was purchased in the District of Columbia, and it is apparent from the Complaint and First Amended Complaint that the purchase took place at Ourisman's dealership at 4400 Branch Avenue in Marlow Heights, Maryland.

28 U.S.C. § 1391(b) states as follows:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(c) states, in pertinent part, as follows:

For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Triad and Ourisman do not reside in the same State. As noted in Plaintiff's Complaint, Triad's headquarters are located in Huntington Beach, California (See Complaint,

Paragraph 2), and Ourisman is a Maryland corporation, with its headquarters located in Maryland, and with its dealership located in Maryland.  (See Complaint, Paragraph 3). Moreover, Plaintiff's Complaint and First Amended Complaint make it clear that the events or alleged omissions giving rise to Plaintiff's claim occurred in the State of Maryland.  Accordingly, under 28 U.S.C. § 1391(b), the only proper venue is in the State of Maryland.

28 U.S.C. § 1406(a) allows the Court to dismiss this case due to improper venue or, if it is in the interest of justice, to transfer the case to any district or division in which it could have been brought.  Plaintiff's claim is barred by the applicable statute of limitations, and therefore fails to state a claim upon which relief can be granted. Accordingly, it is not in the interest of justice to transfer this case to the United States District Court for the District of Maryland.  Rather, it is appropriate that Plaintiff's Complaint and First Amended Complaint be dismissed with prejudice.  If, however, the Court is not inclined to dismiss the case, it is appropriate that the case be transferred to the United States District Court for the District of Maryland.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint and First Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

FERGUSON, SCHETELICH & BALLEW, P.A.

By:     _____/s/_____
        Michael K. Hourigan
        Bar No.: 472357
        100 South Charles Street, Suite 1401
        Baltimore, Maryland  21201
        (410) 837-2200 (telephone)
        (410) 837-1188 (facsimile)
        Attorneys for Triad Financial Corporation