IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL H. ROSS
    Plaintiff,

v.                             CIVIL ACTION NO. 06-CV-0003(CKK)

TRIAD FINANCIAL CORPORATION,
et al.,    Defendants.

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT
OURISMAN CHEVROLET**

Plaintiff, Daniel H. Ross, responding and opposing Defendant Ourisman Chevrolet's Motion to Dismiss and requests the Court to deny Defendant's motion for reason as follows:

1. Personal jurisdiction over Defendant exists pursuant to Plaintiff's Exhibit E the [Agreement between Ourisman Chevrolet and Daniel H. Ross] on July 20, 2001.

2. Defendant will **suffer** no **prejudice** if tried in this Court because of the parties' **Agreement** on July 20, 2001 with respect to the **principal** [approval from a lending source for the loan] Ourisman Chevrolet **consented** to the jurisdiction of this Court.

3. The allegations of conspiracy are sufficiently informative to survive dismissal as determined in <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 512 (2002).

4. Defendant's theory "statute of limitation" is really a premise based on defense of "absolute" immunity, and raises no genuine issue of material fact.

5. Plaintiff adopts and incorporates the Memorandum of Points and Authorities in Support of Response in Opposition to Motion to Dismiss of Defendant Ourisman Chevrolet, filed contemporaneously herewith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Deny Ourisman Chevrolet's Motion to Dismiss with prejudice.
2. Allow Plaintiff's action to go forward with a trial by jury;
3. For such other relief as deem appropriate.

Respectfully submitted,

Daniel H. Ross, Ph.D. JD.
7103 Tarquin Avenue
Camp Spring, MD 20748
(202) 343-9665

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23 day of March 2006, a true copy of the foregoing Plaintiff's Response In Opposition to Motion to Dismiss of Defendant Triad Financial Corporation, was mailed, first-class, postage prepaid, to:

Carolyn C. Williamson

401 Washington Avenue, Suite 204

Towson, Maryland 21204

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL H. ROSS
    Plaintiff,

v.                                CIVIL ACTION NO. 06-CV-0003(CKK)

TRIAD FINANCIAL CORPORATION,
et al.,    Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
OF DEFENDANT OURISMAN CHEVOLET**

Plaintiff, Daniel H. Ross, offers this Memorandum of Points and Authorities in Support of his Response to Motion to Dismiss of Defendant Ourisman Chevrolet, and in opposition thereto, show unto the Court:

On or about 28 February 2006 Defendant Ourisman Chevrolet moved this Court to dismiss Plaintiff's claims because of improper venue, statute of limitation, and entitling defendant to no relief.

**ARGUMENT**

Personal jurisdiction over Defendant exists pursuant to Plaintiff's Exhibit E the [Agreement between Ourisman Chevrolet and Daniel H. Ross] on July 20, 2001. Because Triad is the **primary** and **principal** defendant in this action in this Court and because California is the place where Plaintiff's loan towards the purchase of the used 2000 Dodge Durango was approved and funded, Defendants' argument that venue is improper is unsupportable. See Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984), 443 U.S. 173, 180 (1979). See also Asahi Metal Indus. V. Super. Ct. of Cal, 480 U.S. 102, 109 (1988); Accord: Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990); Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979).

On July 20, 2001, Plaintiff was **obligated to return** the used 2000 Dodge Durango upon notification by Ourisman Chevrolet within 21 days of **not receiving approval from a lending source for the contract** on terms acceptable to the Dealer. See Plaintiff's Exhibit E, dated 7/20/01 and compare Plaintiff's Exhibit C, dated 7/30/01, explaining Defendants' Exhibit D as of July 24, 2001.

To determine if a basis for personal jurisdiction exists, the Court should resolve factual discrepancies in the complaint and affidavits in favor of the Plaintiff. See Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990); and may consider evidence outside the pleadings. Herbert v. Na'l Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. (1992). See Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990). See also Herbert v. Na'l Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. (1992). The duty alleged violated in this case would not exist in the absence of Triad's approval and funding of the loan on July 30, 2001 and but-for TRIAD, **in the first place, there would be no ties, contacts or relations necessary to justify jurisdiction** over an unrelated cause of action in this Court, Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984), 443 U.S. 173, 180 (1979); Asahi Metal Indus. V. Super. Ct. of Cal.480 U.S. 102, 109 (1988), to which Plaintiff have suffered harm. Carey v. Piphus, 435 U.S. 247 (1978). This transaction, contrary to Defendant's claim, obviously occurred not only in California but also in the district where the loan was approved and funded, giving rise to diversity. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984), 443 U.S. 173, 180 (1979).

**2.** Defendant will **suffer** no **prejudice** if tried in this Court because of the parties' **Agreement** on July 20, 2001 with respect to the **principal** [approval from a lending source for the loan] Ourisman Chevrolet **consented** to the jurisdiction of this Court.

The purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial. Denver & R.G.W.R.Co. v. Railroad Trainmen, 387 U.S. 556, 560. Ourisman Chevrolet is a Maryland corporation whose income does not derive solely from automobiles sold to Maryland's residents or from Maryland's financial institutions. See Plaintiff's Exhibits C and D. See also Defendants' Exhibits A, B, and C. A jury trial in this Court would not be fundamentally unfair or inconvenient place of trial. Indeed, a trial in the district is actually advantageous to the parties because it is more convenient than California or Maryland, Ourisman Chevrolet being just seven miles from the district as opposed to fifty miles in Maryland, or 3,000 or more miles to the district in California. The Defendant Ourisman Chevrolet has made no argument that a jury trial in the District of Columbia would be unfair or inconvenient place of trial. Absent showing of an unfair or inconvenient place of trial, Denver & R.G.W.R.Co. v. Railroad Trainmen, 387 U.S. 556, 560, mere assertion of improper venue just for the sake of venue is insufficient, not only creating propriety and the appearance of impropriety but signaling a borderline Rule 11 scheme designed primarily to harass the Plaintiff or interfere with the integrity of the Court. See e.g., Marina Mgmt. Services, Inc. v. Vessel My Girls, 202 F.3d 315, 325 (D.C. Cir. 2000). Lack of residential or other contacts with the district of itself does not defeat otherwise proper jurisdiction. Keeton v. Hustler Magazine, Inc.., 465 U.S. 770, 780

Page 3

(1984); Calder v. Jones, 465 U.S. 783, 788 (1984). Pursuant to the Agreement between the parties on July 20, 2001, all financing decisions are made by a financial institution, not Ourisman Chevrolet. Triad is a financial institution, a California corporation who approved and funded Plaintiff's loan. California is the place where Ourisman Chevrolet consented for jurisdictional purposes. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P. A. 290 F.3d 42, 55-60 (1st. Cir. 2002); see, e.g., Williamson v. Petrosakh Joint Stock Co., 952 F. Supp. 495, 498 (S.D. Tex. 1997). Thus, Plaintiff may constitutionally assert in personam jurisdiction over Defendant Ourisman Chevrolet. Kulko v. California Superior Court, 436 U. S. 84, 92 (1978).

In determining the issue of personal jurisdiction over a non-resident defendant, this Court must ascertain if the defendant has already consented to the personal jurisdiction of this Court. Under agency principles, an authorized agent's acts may be attributed to the principal for jurisdictional purposes. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P. A., 290 F.3d 42, 55-60 (1st. Cir. 2002); see, e.g., Williamson v. Petrosakh Joint Stock Co., 952 F. Supp. 495, 498 (S.D. Tex. 1997).

Because of the parties' **Agreement** on July 20, 2001 with respect to the **principal,** Triad's approval and funding of Plaintiff's loan, a California corporation, Ourisman Chevrolet **consented** to the jurisdiction of this Court. Kulko v. California Superior Court, 436 U. S. 84, 92 (1978); Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984), 443 U.S. 173, 180 (1979).

Page 4

**3. The allegations of conspiracy are sufficiently informative to survive dismissal as determined in <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 512 (2002).**

Conspiracy is not something that Rule 9(b) of the Federal Rules of Civil Procedure requires be proved with particularity, and so a plain and short statement will do, <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 512 (2002). [E]lements of crime of conspiracy are agreement between two or more person to commit in concert an unlawful act. Triad was aware of the predatory lending before it participated in the credit transaction conspiracy; and under agency principles, could reasonably anticipate being haled into this Court for jurisdictional purposes. See <u>Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P. A.</u>, 290 F.3d 42, 55-60 (1st. Cir. 2002); see, e.g., <u>Williamson v. Petrosakh Joint Stock Co.</u>, 952 F. Supp. 495, 498 (S.D. Tex. 1997) (stating that actions by agents may be used to assert jurisdiction over a principal if an agency relationship is established), (established it is.). See Plaintiff's Exhibits C & E. Plaintiff alleged the parties, the general purpose, and the approximate date of the conspiracy. The parties to the conspiracy are clearly identified, the conspiracy alleged to have begun in July of 2001 and to have continued up to Defendant's Answer to the within action; and its purpose – to deprive the Plaintiff of his property and livelihood by compelling him to continue making payments [first, towards his Infinity without any use and ownership to which Defendants have unlawfully confiscated, and second, towards his used 2000 Dodge Durango thru 2007] Plaintiff has already paid for pursuant to the price $17,000.00 listed for the Dodge Durango on July 20, 2001.         Page 5

As Plaintiff alleged with specificity in his original Complaint, The Defendants are engaged in a predatory lending scheme targeted specifically at African American neighborhoods and designed to facilitate default of repossession rather than repayment of the loans (Orig. Compl.5 a,b,c,d). Defendant target African American communities because they believe them to be unsophisticated or financially desperate and therefore more susceptible to their fraudulent lending practices, making few, if any, loans outside of those area, even though they are licensed to do so. The Defendants have not **answered** Plaintiff's allegations pursuant to Judgment of this Court entered on February 3, 2006, and **these allegations remain un-refuted**. See e.g. Marina Mgmt. Services, Inc. v. Vessel My Girls, 202 F.3d 315, 325 (D.C. Cir. 2000); Bonds v. District of Columbia, 93 F.3d 801, 807-08 (D.C. Cir. 1996); Shepherd v. American Broadcasting Co., 62 F.3d 1469, 1474 (D.C. Cir. 1995) (citing Chambers v. NASCO, 501 U.S. 32, 46 (1991). Because subject matter jurisdiction exists in the form of diversity jurisdiction, this Court may exercise personal jurisdiction over a non resident defendant without abuse of the Court's discretion as determined in Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984), 443 U.S. 173, 180 (1979). Because Plaintiff has shouldered his burden for the constitutional requirements for this Court to exercise jurisdiction over the parties. E.g. Second Amendment Found v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001). This Court is not limited to the allegations contained in the complaint, Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). As for Defendants' Motion to Dismiss for lack of personal jurisdiction, this

Page 6

Court need not address these motions as determined in <u>Leroy v. Great W. United Corp.</u>, 443 U.S. 173, 180 (1979). <u>Crane v. New York Zoological Soc.</u>, 894 F.2d 454, 456 (D.C. Cir. 1990). <u>Herbert v. Na'l Acad. Of Sciences</u>, 974 F.2d 192, 197 (D.C. Cir. (1992).

**4.    Defendant's theory: "statute of limitation" is really a premise based on the defense of "absolute" immunity and raises no genuine issue as to any material fact. <u>Antoine v. Byers & Anderson, Inc</u>, 508 U.S. 429, 436-37 (1993).**

Defendant Ourisman Chevrolet next argues that Plaintiff's claims are time barred for the unconstitutional impairment of federal rights for which it seeks immunity. Insubstantial motions to dismiss can be quickly terminated by federal courts alert to the possibilities of artful pleading. Defendant Ourisman's theory "statute of limitation" is really a claim to "absolute" immunity and raises no genuine issue as to any material fact. See e.g., <u>Antoine v. Byers & Anderson, Inc</u>, 508 U.S. 429, 436-37 (1993).

This Court has subject matter jurisdiction under: 28 U.S.C. 1331 (general federal question), 28 U.S.C. 1332 (diversity), 28 U.S.C. 1337 (acts affecting commerce) 15 U.S.C. 1601 of the [Truth in Lending Act of 1968], and 15 U.S.C. 1691 of the [Equal Credit Opportunity Act] as well as 42 U.S.C. 1981 – 1986 and the Racketeer Influenced and Corrupt Organization Act. These statutes unambiguously authorize the Plaintiff to obtain the relief that he seeks here if he can prove his case against the Defendant. <u>Jenkins v. McKeithen</u>, 395 U.S 411, 421-22, 89 S. Ct. 1843 (1969); <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957).

Defendant Ourisman Chevrolet's suggestion appears to be we should be permitted to continue this wrong two more years – it already been four years, and we did not get caught, although they knowingly and purposefully conspired to violate, and indeed, violated congressional statutes that somehow, entitled them to "absolute" immunity.

Defendant's theory lacks all four corners. Defendant had four years since the onerous conspiracy violations to make some retribution and continued conspired and did absolutely nothing. It's called bad faith. Contrary to Defendant's theory there is no significant time limit on the filing of complaint under 15 U.S.C. 1601 and 15 U.S.C. 1691 under the present existing circumstances because the conspiracy is presently ongoing. Plaintiff is being compelled to make monthly payments of $650.00 for two more years. Congress has not altered the nature or validity of Plaintiff's claims. City of Boerne v. Flores, 521 U.S. 507, 517.

There is support for the proposition that federal standards are to be applied here. Bell v. Hood, 327 U.S. 678, 684 (1946); Davis v. Passman, 442 U.S. 228, 246-247. Congress generally legislates with specific intent concerns in mind. Although federal courts may borrow state statutes of limitation in certain circumstances, under-minding a Congressional Act for those who exhibits bad faith is not one of the circumstances.

Triad conspired with Ourisman Chevrolet, and carried out the unlawfulness against the Plaintiff. The validity of both 15 U.S.C. 1601 and 15 U.S.C. 1691 are defined not by state tort law, but by federal constitutional law and there is a good argument that 15 U.S.C. 1601 is jurisdictional itself, aside from the invocation of 15 U.S.C. 1691; 42 USC 1981, 1986 and 28 USC 2201-2202.

Page 8

Moreover, federal courts are not to apply state limitation statutes which undermine congressional actions when they **unreasonably** restrict what was intended by Congress to be a broad federal remedy of amount to unconstitutional burdens on the assertion of federal statutory rights. See e.g. Bell v. Hood, 327 U.S. 678, 684 (1946); Davis v. Passman, 442 U.S. 228, 246-247. Where there exist a [State] statutorily created right, federal courts have been inclined to apply this standard which would undermine congressional intentions. Neither 15 U.S.C. 1601 nor 15 U.S.C. 1691 make any mention either of statute limitation or immunity. City of Boerne v. Flores, 521 U.S. 507, 517; Antoine v. Byers & Anderson, Inc, 508 U.S. 429, 436-37 (1993).

Assuming arguendo that Defendant's theory is not without some merit, the statutes' language suggest [n]o intent to defeat the purpose of either 15 U.S.C. 1601 or 15 U.S.C. 1691. "There is no convincing indication to the contrary here. Where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." Bell v. Hood, 327 U.S. 678, 684 (1946). The Supreme Court explained this longstanding rule as jurisdictional, and upheld the exercise of the federal court's power to award appropriate relief so long as a cause of action existed under the Constitution or laws of the United States.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied with prejudice.

Respectfully submitted,

Daniel H. Ross, Ph.D. JD.

Page 9