IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL H. ROSS
    Plaintiff,

v.

CIVIL ACTION NO. 06-CV-0003(CKK)

TRIAD FINANCIAL CORPORATION,
et al.,    Defendants.

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT TRIAD FINANCIAL CORPORATION

    Plaintiff Daniel H. Ross, responding and opposing Defendant Triad Financial Corporation's Motion to Dismiss and requests the Court to deny Defendant's motion for reason as follows:

    1.    Subject matter jurisdiction exists in the form of diversity jurisdiction and this Court is not limited to the allegations contained in the complaint.

    2.    Defendant will suffer no prejudice if tried in this Court and under agency principles, Defendant could reasonably anticipate being haled into this Court.

    3.    The allegations of conspiracy are sufficiently informative to survive dismissal, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002).

    4.    Defendant's theory "statute of limitation" is really a premise based on defense of "absolute" immunity, and raises no genuine issue of material fact.

    5.    Plaintiff adopts and incorporates the Memorandum of Points and Authorities in Support of Response in Opposition to Motion to Dismiss of Defendant Triad, filed contemporaneously herewith.



RECEIVED
MAR 24 2006
NANCY MAYER WHITTINGTON, CLERK

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Deny Triad's Motion to Dismiss with prejudice.
2. Allow Plaintiff's action to go forward with a trial by jury;
3. For such other relief as deem appropriate.

Respectfully submitted,

Daniel H. Ross, Ph.D. JD.
7103 Tarquin Avenue
Camp Spring, MD 20748
(202) 343-9665

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23 day of March 2006, a true copy of the foregoing Plaintiff's Response In Opposition to Motion to Dismiss of Defendant Triad Financial Corporation, was mailed, first-class, postage prepaid, to:

Michael K. Hourigan

100 South Charles Street, Suite 1401

Baltimore, Maryland 21201

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL H. ROSS
    Plaintiff,

v.                              CIVIL ACTION NO. 06-CV-0003(CKK)

TRIAD FINANCIAL CORPORATION,
et al.,    Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
OF DEFENDANT TRIAD FINANCIAL CORPORATION**

Plaintiff Daniel H. Ross offers this Memorandum of Points and Authorities in Support of his Response to Motion to Dismiss of Defendant Triad Financial Corporation, and in opposition thereto, show unto the Court:

On or about 1 March 2006, Defendant Triad moved this Court to dismiss Plaintiff's claims because of improper venue, statute of limitation, and entitling defendant to no relief. It should come as no surprise that the United States settled a case charging Chevy Chase Federal Savings Bank with redlining the exact areas that Defendants Triad and Ourisman Chevrolet are now accused of targeting for predatory Lending. See United States v. Chevy Chase Fed. Sav. Bank, No. 94-1824 (JG) (D.D.C., **consent decree** filed August 22, 1994).

**ARGUMENT**

Defendants' argument that venue is improper is unsupportable. See Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984), 443 U.S. 173, 180 (1979). See Asahi Metal Indus. V. Super. Ct. of Cal.480 U.S. 102, 109 (1988); Accord: Crane v. New

York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990). Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979).

Triad is the **primary** and **principal** defendant in this action in this Court. California is the place where Plaintiff's loan towards the purchase of the used 2000 Dodge Durango was approved and funded by Triad, who is a financial institution. See Plaintiff's Exhibits E. Triad is a California corporation whose income does not derive solely from loans made in California, and the dealer never owns the loan. See Plaintiff's Exhibit C. Whether all of the financial terms of Plaintiff's transaction with Triad's agent, including the terms of the trade-in, were disclosed, in writing, in a form Plaintiff could take with him at the time of the transaction is a Disputed Material Fact that precludes summary judgment. See Defendants' Exhibits A, B, C, D and compare Plaintiff's Exhibits C, D and E. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); Jenkins v. McKeithen 395 U.S 411, 421-22, 89 S. Ct. 1843 (1969); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). There is a conflict of evidence here; in that, Ourisman Chevrolet alleges and asserts in its Memorandum of Points and Authorities in Support of its Motion to Dismiss, beginning on page 2 and concluding on page 3 as follows:

**There is no dispute** that he could not trade the Infinity or transfer title of this vehicle on **July 20, 2001** to Ourisman Chevrolet without paying off the balance.

Affidavit of Plaintiff shows that he did not have a loan contract with Triad on **July 20, 2001** as shown by Defendants own evidence, Exhibit D. "As of July 24, 2001, Plaintiff owed $13, 904.93 on his loan to Household Finance and could not trade his Infinity or transfer title of this vehicle to Ourisman Chevrolet as Defendants conceded, "**There is no dispute.**"                                    Page 2

On July 20, 2001, Plaintiff was **obligated to return** the used 2000 Dodge Durango upon notification by Ourisman Chevrolet within 21 days of **not receiving approval from a lending source for the contract** on terms acceptable to the Dealer. See Plaintiff's Exhibit E, dated 7/20/01 and compare Plaintiff's Exhibit C, dated 7/30/01, explaining Defendants' Exhibit D as of July 24, 2001.

To determine if a basis for personal jurisdiction exists, the Court should resolve factual discrepancies in the complaint and affidavits in favor of the Plaintiff. See Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990); and may consider evidence outside the pleadings. Herbert v. Na'l Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. (1992). A loan agreement is like any other contract. If the agreement was fraudulently induced or there was an absence of mutual consent, the agreement cannot constitutionally be enforced. Thus, it is hard for the Court to see how all of the transaction that formed the basis of this action occurred on July 20, 2001 disclosed to Plaintiff in writing in a form he could take with him on July 20, 2001, if as of July 24, 2001, Plaintiff owed $13,904.93 on his loan to Household Finance and could not trade his Infinity or transfer title of this vehicle to Ourisman Chevrolet; and on July 20, 2001, Plaintiff did not have a loan contract **from a lending source or** with Triad. See Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990). See also Herbert v. Na'l Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. (1992).

The duty alleged violated in this case would not exist in the absence of Triad's approval and funding of the loan on July 30, 2001 and but-for TRIAD, **in the first place, there would be no ties, contacts or relations necessary to justify**

Page 3

**jurisdiction** over an unrelated cause of action in this Court , Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984), 443 U.S. 173, 180 (1979). Asahi Metal Indus. V. Super. Ct. of Cal.480 U.S. 102, 109 (1988), to which Plaintiff have suffered harm. Carey v. Piphus, 435 U.S. 247 (1978). This transaction, contrary to Defendant's claim, obviously occurred not only in California but also in the district where the loan was approved and funded, giving rise to diversity. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984), 443 U.S. 173, 180 (1979).

**2. Defendant Triad will suffer no prejudice if tried in this Court and under agency principles, Defendants could reasonably anticipate being haled into this Court.**

The purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial. Denver & R.G.W.R.Co. v. Railroad Trainmen, 387 U.S. 556, 560. The Defendant Triad has made no argument that **a jury trial in the District of Columbia would be unfair or inconvenient place of trial. Mere assertion of improper venue just for the sake of venue is insufficient,** not only creating propriety and the appearance of impropriety but signaling a borderline Rule 11 scheme designed primarily to harass the Plaintiff or interfere with the integrity of the Court. See e.g., Marina Mgmt. Services, Inc. v. Vessel My Girls, 202 F.3d 315, 325 (D.C. Cir. 2000).

Triad's lack of residential or other contacts with the district of itself does not defeat otherwise proper jurisdiction. . See Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 780 (1984); Calder v. Jones, 465 U.S. 783, 788 (1984). The harm suffered by Plaintiff occurred in California and is onerous by which Plaintiff is compelled to make

Page 4

payment to almost, 2008. Thus, a plaintiff may constitutionally assert in personam jurisdiction over a particular defendant for a particular cause of action most often turn on a weighing of facts. Kulko v. California Superior Court, 436 U. S. 84, 92 (1978).

As a creditor, Triad is subject to liability under both TILA and ECOA for unlawful discrimination in finance charges in loans that exceeds Triad's authority that it approved and funded. See United States v. Landmark Financial Services Inc. 126 F. Supp. 623, 628 (D. Md. 1985) ("Congress believed 'that strong enforcement of [the ECOA] is essential to accomplish its purposes.") (quoting S. Rep. 589, 94th Cong., 2d Sess.); Silverman v. Eastrich Multile Investor Fund, L.P., 51 F.3d 28, 32-33 (3d Cir. 1995) (ECOA should be interpreted so that creditors do not benefit from discrimination). Alternatively, both Triad and Ourisman Chevrolet are creditors under ECOA and subject to ECOA's broad prohibition against discrimination.

ECOA provides:

It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction - -

(1) on the basis of race, color, religion, national origin, sex or martial status, or age. . .

15 U.S.C.1691(a). Regulation B, promulgated pursuant to ECOA, defines creditor as "a person who, in the ordinary course of business, regularly participates in the decision of whether or not to extend credit. The term includes a creditor's assignee, transferee, or subrogee who so participates," 12 C.F.R. 202.2(1). For purposes of ECOA's general prohibitions against discrimination, the definition also includes a person who, in the ordinary course of business, **regularly refers** applicants or prospective applicants to creditors, or selects or offers to select creditors to whom request for credit may be made."

Page 5

By charging higher non-risk finance charges to African Americans, Ourisman Chevrolet by violating ECOA violated Plaintiff's rights. Likewise, by approving and funding loans at which African Americans are charged a higher finance charged than similarly qualified applicants of different race, Triad by violating ECOA violated Plaintiff's rights.

Because Triad has a non-delegable duty to comply with TILA and ECOA, may not expressly permit Ourisman Chevrolet or other Dealers to set finance charges and then disclaim responsibility for the conduct of the dealer is a Disputed Material Fact that precludes summary judgment. See e.g., Marr v. Rife, 503 F.2d 735, 741 (6th Cir. 1974) ("[T]he duty to obey the law is non-delegable.") Cf. Markham v. Colonia Mortgage Service Co., 605 F.2d 566, 571 (D.C. Cir. 1979) (Finding no liability under ECOA where assignee neither participated in nor benefited from discrimination). Triad does not contend that it bears no responsibility for the conduct of Ourisman Chevrolet or has not benefited from discrimination. See Koons v. Buick, 319 F.3d 119, 121-122 (CA4 2003).

Moreover, Congress enacted in 1968, the Truth in Lending Act's (TILA) civil liability provision, 15 U.S.C. 1640, in order to promote the "informed use of credit" by consumers. To that end, TILA's disclosure provision, seek to ensure meaningful disclosure of credit terms, in writing, in a form that the consumer can keep, before consummation of the transaction, the amount of the finance charge in connection with the transaction. See e. g., Koons Buick Pontiac GMC, Inc. v. Nigh, 540 U.S. 1148 (2004).

Accordingly, this Court has subject matter jurisdiction over this case on five bases: 28 U.S.C. 1331 (general federal question), 28 U.S.C. 1332 (diversity), 28 U.S.C. 1337 (acts

Page 6

affecting commerce) 15 U.S.C. 1601 of the [Truth in Lending Act of 1968], and 15 U.S.C. 1691 of the [Equal Credit Opportunity Act] prohibits certain forms of discrimination with respect to all credit transactions. The longstanding rule is that, absent direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute. Bell v. Hood, 327 U.S. 678, 684 (1946); Davis v. Passman, 442 U.S. 228, 246-247.

### 3. The allegations of conspiracy are sufficiently informative to survive dismissal.

Conspiracy is not something that Rule 9(b) of the Federal Rules of Civil Procedure requires be proved with particularity, and so a plain and short statement will do, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002).

[E]lements of crime of conspiracy are agreement between two or more person to commit in concert an unlawful act. Triad was aware of the predatory lending before it participated in the credit transaction conspiracy; and under agency principles, could reasonably anticipate being haled into this Court for jurisdictional purposes. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P. A., 290 F.3d 42, 55-60 (1st. Cir. 2002); see, e.g., Williamson v. Petrosakh Joint Stock Co., 952 F. Supp. 495, 498 (S.D. Tex. 1997) (stating that actions by agents may be used to assert jurisdiction over a principal if an agency relationship is established), (established it is.). See Plaintiff's Exhibits C & E.

Plaintiff alleged the parties, the general purpose, and the approximate date of the conspiracy. The parties to the conspiracy are clearly identified; the conspiracy alleged to have begun in July of 2001 and to have continued up to Defendant's Answer to the within

Page 7

action; and its purpose – to deprive the Plaintiff of his property and livelihood by compelling him to continue making payments [first, towards his Infinity without any use and ownership to which Defendants have unlawfully confiscated, and second, towards his used 2000 Dodge Durango thru 2007] Plaintiff has already paid for pursuant to the price $17,000.00 listed for the Dodge Durango on July 20, 2001.

As Plaintiff alleged with specificity in his original Complaint, The Defendants are engaged in a predatory lending scheme targeted specifically at African American neighborhoods and designed to facilitate default of repossession rather than repayment of the loans (Orig. Compl.5 a,b,c,d). Defendant target African American communities because they believe them to be unsophisticated or financially desperate and therefore more susceptible to their fraudulent lending practices, making few, if any, loans outside of those area, even though they are licensed to do so. The Defendants have not **answered** Plaintiff's allegations pursuant to Judgment of this Court entered on February 3, 2006, and **these allegations remain un-refuted.** See Marina Mgmt. Services, Inc. v. Vessel My Girls, 202 F.3d 315, 325 (D.C. Cir. 2000); Bonds v. District of Columbia, 93 F.3d 801, 807-08 (D.C. Cir. 1996); Shepherd v. American Broadcasting Co., 62 F.3d 1469, 1474 (D.C. Cir. 1995) (citing Chambers v. NASCO, 501 U.S. 32, 46 (1991). Because subject matter jurisdiction exists in the form of diversity jurisdiction, this Court may exercise personal jurisdiction over a non resident defendant without abuse of the Court's discretion as determined in Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984), 443 U.S. 173, 180 (1979). Because Plaintiff has shouldered his burden for the constitutional requirements for this Court to exercise jurisdiction over the parties.

8

E.g., Second Amendment Found v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001). This Court is not limited to the allegations contained in the complaint, Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). As for Defendants' Motion to Dismiss for lack of personal jurisdiction, this Court need not address these motions as determined in Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979; Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990); Herbert v. Na'l Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. (1992).

**4.    Defendant's theory: "statute of limitation" is really a premise based on the defense of "absolute" immunity and raises no genuine issue as to any material fact.**

Defendant Triad next argues that Plaintiff's claims are time barred for the unconstitutional impairment of federal rights for which it seeks immunity. Insubstantial motions to dismiss can be quickly terminated by federal courts alert to the possibilities of artful pleading. Defendant Triad's theory "statute of limitation" is really a claim to "absolute" immunity and raises no genuine issue as to any material fact. See e.g., City of Boerne v. Flores, 521 U.S. 507, 517.

This Court has subject matter jurisdiction under: 28 U.S.C. 1331 (general federal question), 28 U.S.C. 1332 (diversity), 28 U.S.C. 1337 (acts affecting commerce) 15 U.S.C. 1601 of the [Truth in Lending Act of 1968], and 15 U.S.C. 1691 of the [Equal Credit Opportunity Act] as well as 42 U.S.C. 1981 – 1986 and the Racketeer Influenced and Corrupt Organization Act. These statutes unambiguously authorize the Plaintiff to obtain the relief that he seeks here if he can prove his case against the Defendant. Jenkins v. McKeithen, 395 U.S 411, 421-22, 89 S. Ct. 1843 (1969); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957).                Page 9

Defendant Triad's suggestion appears to be we should be permitted to continue this wrong two more years – it already been four years, and we did not get caught, although they knowingly and purposefully conspired to violate, and indeed, violated congressional statutes that somehow, they are entitled to "absolute" immunity. Defendant's theory lacks all four corners. Defendant Triad had four years since the onerous conspiracy violations to make some retribution and continued conspired and did absolutely nothing. It's called bad faith. Contrary to Defendant's theory there is no significant time limit on the filing of complaint under 15 U.S.C. 1601 and 15 U.S.C. 1691 under the present existing circumstances because the conspiracy is presently ongoing. Plaintiff by Defendant TRIAD is being compelled to make monthly payments of $650.00 for two more years. Congress has not altered the nature or validity of Plaintiff's claims.

There is support for the proposition that federal standards are to be applied here. Bell v. Hood, 327 U.S. 678, 684 (1946); Davis v. Passman, 442 U.S. 228, 246-247. Congress generally legislates with specific intent concerns in mind. Although federal courts may borrow state statutes of limitation in certain circumstances, under-minding a Congressional Act for those who exhibits bad faith is not one of the circumstances.

Triad conspired with Ourisman Chevrolet, and carried out the unlawfulness against the Plaintiff. The validity of both 15 U.S.C. 1601 and 15 U.S.C. 1691 are defined not by state tort law, but by federal constitutional law and there is a good argument that 15 U.S.C. 1601 is jurisdictional itself, aside from the invocation of 15 U.S.C. 1691; 42 USC 1981, 1986 and 28 USC 2201-2202.

Page 10

Moreover, federal courts are not to apply state limitation statutes which undermine congressional actions when they unreasonably restrict what was intended by Congress to be a broad federal remedy of amount to unconstitutional burdens on the assertion of federal statutory rights. See e.g., Bell v. Hood, 327 U.S. 678, 684 (1946); Davis v. Passman, 442 U.S. 228, 246-247. Where there exist a [State] statutorily created right, federal courts have been inclined to apply this standard which would undermine congressional intentions. Neither 15 U.S.C. 1601 nor 15 U.S.C. 1691 make any mention either of statute limitation or immunity. See e.g., City of Boerne v. Flores, 521 U.S. 507, 517.

Assuming arguendo that Defendant's theory is not without some merit. The statutes' language suggest [n]o intent to defeat the purpose of either 15 U.S.C. 1601 or 15 U.S.C. 1691. "There is no convincing indication to the contrary here. Where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." Bell v. Hood, 327 U.S. 678, 684 (1946). The Supreme Court explained this longstanding rule as jurisdictional, and upheld the exercise of the federal court's power to award appropriate relief so long as a cause of action existed under the Constitution or laws of the United States.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied with prejudice.

Respectfully submitted,

Daniel H. Ross, Ph.D. JD.

11