IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL H. ROSS
    Plaintiff,

v.                                          CIVIL ACTION NO. 06-CV-0003(CKK)

TRIAD FINANCIAL CORPORATION,
et al.,    Defendants.

............................................................................

**AFFIDAVIT OF DANIEL H. ROSS**

I, Daniel H. Ross, under penalty of perjury, hereby declare as follows:

I am aware of the consequences of lying under Oath to avoid summary Judgment in favor of the Defendants or secure a jury trial or obstruct the integrity of the Court.

I am not confused or mentally incompetent or inflicted with cognitive dementia as Defendant Ourisman Chevrolet asserted in its Motion to Dismiss. I am over age 55, a cancer survival, and no amount of monetary awards would be worth spending one moment in jail as did Ms. Martha Stewart or Enron Executive, just to name a few.

On July 20, 2001, neither Defendant Ourisman Chevrolet nor Defendant Triad made the required disclosures Defendants alleged they disclosed to me, in writing, in a form that I could keep, before consummation of the transaction.

On July 30, 2001 and just before Defendant Ourisman Chevrolet closed, Defendant Ourisman Chevrolet and Defendant Triad, disclosed Exhibits A, B, C, and Exhibit D to me in writing in a form that I could keep to consummate the Transaction. See Plaintiff's Exhibit C - Maryland Certificate of Title issued 07/30/01 and bearing number R 115287. See also Plaintiff's Exhibit F – **YOUR TAGS ARE HERE** bearing Invoice No. 129167.

**PAGE 2 OF AFFIDAVIT OF DAIEL H. ROSS**

On July 20, 2001, I did not have a loan contract with Defendant Triad Financial Corporation as shown by Plaintiff's Exhibit C - Maryland Certificate of Title issued 07/30/01 and bearing number R 115287 and also Defendants' Exhibit D – Ourisman Chevrolet Co., Inc. 7/24/01 Payoff Check to Household Finance. As of July 24, 2001, I owed $13,904.93 on my loan to Household Finance and could not trade my Infinity or transfer title of this vehicle to Ourisman Chevrolet without paying off the balance as shown by Defendants' Exhibit D.

What really happened on July 20, 2001 is as follows: I applied for an automobile loan and by Defendant Ourisman Chevrolet, I was advised my loan was denied. Defendant Ourisman Chevrolet induced me to deposit a $3,000.00 down payment, leave my Infinity, and drive the used 2000 Dodge Durango home. The document Defendant Ourisman Chevrolet disclosed to me, in writing, in a form that I could keep before consummation of the transaction was Plaintiff's Exhibit D – Maryland Temporary Registration Certificate bearing Tem Tag No: 17757W and dated 07/20/01.

The document I signed on July 20, 2001 is Plaintiff's Exhibit E – **SUPPLEMENT TO CONDITIONAL SALES CONTRACT** which provides in pertinent part: In consideration of the delivery to the Purchaser by the Seller of the motor vehicle described in the attached Conditional Sales Contract, **Purchaser agrees** that **subject to notification by Dealer** within 21 days of Purchaser **not receiving approval from a lending source for the contract** on terms acceptable to the Dealer, **Purchaser**

## PAGE 3 OF AFFIDAVIT OF DANIEL H. ROSS

**agrees to return the vehicle** in good condition without excess mileage - - Purchaser assumes risk of loss of the vehicle while in his possession - - Purchaser understands **that all financing decisions are made by a financial institution not Ourisman Chevrolet - -Purchaser agrees to provide title** and, if applicable, a lien release on **Purchase's trade** –in vehicle SIGNED: Ourisman Chevrolet and Daniel H Ross **This Supplemental Agreement is made this 20th day of July 2001.**

On July 30, 2001, I received in the United States mail from Defendant Ourisman Chevrolet's Settlement Officer Dick Lamb, Plaintiff's Exhibit F – **YOUR TAGS ARE HERE** bearing Invoice No. 129167.

July 30, 2001 is the night when Defendants' **Settlement Officer** provided to me, in writing, in a form that I could keep, Defendants' Exhibits A, B, C, and D. I signed the exhibits without reading them because I had trust and confidence in Defendants' compliance with all laws prohibiting unfair, deceptive and unconstitutional contract. Defendant Ourisman's employees were turning off lights in my surrounding area. I was already late for reporting to my part-time job on the night of July 30, 2001.

Both Triad Financial Corporation and Ourisman Chevrolet priced the used 2000 Dodge Durango in excess of its fair market value. On 7/20/01 it was priced at about $17,000.00. I was fraudulently induced and there was an absence of mutual consent for me to pay $13,904.93 to Household Finance; then pay $13,904.93 to Ourisman Chevrolet; then pay $13,904.93 to Ourisman Chevrolet to sell my Infinity to a third party consumer at my expense; then pay $13,904.93 to Triad Financial Corporation plus 71 months of interests at a rate in excess of what I paid Ourisman Chevrolet. Both

## PAGE 4 OF AFFIDAVIT OF DANIEL H. ROSS

Defendants exceeded their authority in addition to over pricing the used 2000 Dodge Durango, in excess of its fair market value to require a larger down payment.

I solemnly declare under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief.

Executed on March 13, 2006

_____
Daniel H. Ross – Plaintiff

Subscribed before me

13 March, 2006

Notary Public _____

My Commission expires 12/03/2006